long delay before beginning suit is suggestive to me of a desire for money, rather than gas, and I do not think the statute was intended to satisfy that desire.

I advise a reversal of the judgment and order. ·

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

(119 App. Div. 135)

PADOWER v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department.   April 26, 1907.)

STREET RAILROADS—NEGLIGENCE—INJURIES TO PERSON ON TRACK—EVIDENCE.
   In an action against a street railway for injuries received by plaintiff through being struck by defendant's car at a street crossing, evidence *held* insufficient to sustain a judgment for plaintiff.
   Hooker, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Hyman Padower against the New York City Railway Company, sued as the Interurban Street Railway Company.   Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Arthur M. Johnston, for appellant.

Alex Rosenthal, for respondent.

GAYNOR, J.   The plaintiff testified that he was crossing the street on the cross-walk at the intersection of two streets; that he crossed the downtown car track; that the driver of a horse and wagon going up town called out to him, and he stepped back and in four or five seconds was hit by a car going down town; that he stepped back because the horse was going fast and rearing, and he feared he would run over him.   He called no witness.   He was between 14 and 15 years of age at the time of the accident.   On his own story, it is questionable that any negligence of the defendant was shown.   The motorman testified that the plaintiff suddenly came from behind a wagon.   The driver of the wagon (an ice wagon) and his helper testified that the plaintiff was riding without leave on the rear step of the wagon, and when they made him get off he went in front of the car suddenly, and was hit.   Another disinterested witness corroborated this.   There was no reason for disregarding the testimony of these witnesses.   The verdict was plainly against the weight of evidence and should have been set aside.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.